PER CURIAM.
Appellant-defendant Smith, age 17, was charged with committing first degree murder in carrying out a robbery. Appellant’s attorney suggested to the court that his client was “ . . . incapable of understanding the nature of the charges against *695 him and of assisting his counsel in the preparation of a defense to the charges.” The trial court held a hearing during which the testimony of appellant’s parents was adduced. The gist of the parents’ testimony was summed up by the trial court in denying the suggestion, viz:
“ . . .It appears to the Court, from the testimony of the parents, and also from the testimony of this Defendant, that he is conscious of the goings-on around him; he does basically know the difference between right and wrong; he knows some things are right, and some things are wrong; but he, apparently, has adopted an I-don’t-care attitude; and his history is a history of being completely incorrigible, and incapable of managing by his parents, or by the school, or by anyone else. As he put it himself, he’s his own man, in his mind, and nobody’s got any right to tell him to do one thing, or tell him to do the other.”
Following denial of the suggestion, appellant, his parents, and his attorney conferred at length; and as a result of this conference, appellant’s attorney entered into plea bargaining with the prosecution. After extensive questioning by the court, appellant entered his plea of guilty to murder in the first degree with the understanding that the court would sentence him to life imprisonment.
Two points on appeal are posed by appellant, viz: 1) the trial court erred in denying his suggestion of insanity, and 2) his right to counsel was violated by the trial court’s failure to allow him to speak to his counsel in private prior to sentencing. As to the first point, the record fully supports the trial court’s action in denying further inquiry into appellant’s sanity. As to the second point, after extensive questioning by the trial court as to the volun-tariness of his plea, and immediately preceding imposition of sentence, the appellant, in response to the court’s question as to anything he had to say that might mitigate his sentence, advised the court he would like to talk to his lawyer in private. The court advised appellant he could talk to his lawyer in the courtroom. The record discloses that appellant had conferred with his parents and lawyer for at least 45 minutes immediately prior to pleading guilty and that he was advised by his lawyer and the court of the sentence to be imposed resulting from the plea bargaining. Under these circumstances and this record which reflects the conscious concern of the trial judge for the protection of the appellant’s rights, we conclude that the second point is without merit.
The judgment appealed is affirmed.
RAWLS, C. J., and SPECTOR and JOHNSON, JJ., concur.